## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEPHEN ALTERBAUM** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **TRADEWINDS TOWING, LLC** | * | **JUDGE:** |
| | * | |
| | * | **MAGISTRATE:** |

*************************************************************************

## COMPLAINT FOR DAMAGES

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, AND THE JUDGES THEREOF:**

The complaint of Stephen Alterbaum, a person of majority age and a citizen of the United States of America, brings this Complaint for Damages and avers as follows:

1.

Made Defendant herein is:

(a). Tradewinds Towing, LLC, a limited liability company registered and authorized to do and doing business in this state and judicial district at all material times. Tradewinds Towing, LLC ("Tradewinds") has a registered agent for service of process in New Orleans, Louisiana.

2.

At all material times, Plaintiff, Stephen Alterbaum, was employed as a seaman and an engineer by Tradewinds and assigned to work aboard the M/V CAITLIN, a towing vessel in navigation owned and/or operated by Tradewinds, for which job Plaintiff earned $500.00 per day, plus overtime, fringe benefits, found and other benefits/earnings.

3.

On or about March 11, 2025, while the M/V CAITLIN was in port in or around

Honolulu, HI, the Captain of the vessel directed Plaintiff and a fellow crewmember to make the stern line of the vessel up to the dock after the vessel had relocated following the departure of two vessels from the dock area. To accomplish this task, the vessel's Captain operated the winch from the stern controls on the vessel and paid the line out so that the line could be made up to a bollard on the dock. After attaching the eye of the line to the bollard, the line needed to be secured into an appropriate configuration using a hook due to the height difference between the stern deck of the vessel and the bollard. However, despite their best efforts to do so at the direction of the Captain, Plaintiff and his fellow crewmember were unable to utilize the hook due to a broken and inoperable clevis on the vessel. As the Plaintiff and his fellow crewmember were cleaning up and removing the equipment they had used in their attempts to make the clevis work, the Captain, without any warning or communication to Plaintiff or the other crewmember, engaged the winch to take the slack out of the stern line. As he did so, the line suddenly became taut and forcefully struck Plaintiff on the right side of his body, lifting Plaintiff into the air and throwing him across the deck. Plaintiff was then transported to an emergency room facility in Honolulu by the Mate of the vessel to receive treatment for his injuries.

4.

As the result of being violently struck by the stern line, and through no fault of his own, Plaintiff suffered numerous serious personal injuries, including but not limited to a fractured right thumb, which necessitated surgery, a pulmonary embolism, and deep vein thrombosis in his right leg, for which injuries Plaintiff has undergone and continues to undergo active medical treatment.

5.

The events described herein and the resulting severe and debilitating physical and mental

injuries of Plaintiff, Stephen Alterbaum, were legally caused by the negligent actions of the vessel's Captain, which negligence is imputed to Tradewinds as Plaintiff's Jones Act employer. Tradewinds failed to provide Plaintiff with a reasonably safe place to work, thereby rendering Tradewinds liable to Plaintiff under the Jones Act, 46 U.S.C. § 30104, *et. seq*.

6.

Further, the events described herein and the resulting severe and debilitating physical and mental injuries of Plaintiff, Stephen Alterbaum, were proximately caused by the unseaworthiness of the M/V CAITLIN as a result of her vessel equipment, appurtenances, and crew being unfit for their intended purpose, for which unseaworthiness Tradewinds is legally responsible and thus liable to Plaintiff under the general maritime law of the United States.

7.

As a result of the negligence of Tradewinds and/or the unseaworthiness of the M/V CAITLIN, Plaintiff seeks and is entitled to recover damages for past, present and future physical and mental pain and suffering, permanent physical and cognitive disability, physical scarring and disfigurement, lost wages, loss of future wage-earning capacity, past and future medical expenses, loss of fringe benefits, and loss of found.

8.

As a result of the incident and severe personal injuries and damages described herein, Tradewinds, as Plaintiff's Jones Act employer, is obligated under the general maritime law to pay maintenance and cure benefits from the date of the shipboard injury until Plaintiff is deemed as having reached maximum medical improvement by all of his self-chosen treating physicians.

9.

Upon information and belief, Tradewinds has not paid for Plaintiff's incident-related

treatment despite its cure obligation and prematurely and callously terminated Plaintiff's maintenance benefits without a determination of Plaintiff having reached maximum medical improvement by his treating physicians.

10.

By reason of the foregoing, Plaintiff seeks and is entitled to recover from Tradewinds maintenance and cure benefits as determined by Plaintiff's treating physicians and until he reaches maximum medical improvement, compensatory damages for Tradewinds' willful and wanton refusal to honor its maintenance and cure obligations in an amount reasonable under the circumstances, reasonable attorney's fees incurred by Plaintiff in securing maintenance and cure, and punitive damages due to Tradewinds' willful and wanton refusal to pay maintenance and cure in amounts to be determined by this Honorable Court.

11.

Jurisdiction over the Defendant is based upon the Jones Act, 46 U.S.C. § 30104, *et. seq.* and the general maritime law of the United States.

**WHEREFORE**, Plaintiff, Stephen Alterbaum, prays for judgment in his favor and against Defendant, Tradewinds Towing, LLC, for compensatory and/or punitive damages, attorney fees, and costs in amounts reasonable under the circumstances of this cause and for all maintenance and cure benefits due and owing until Plaintiff reaches maximum medical improvement as determined by his treating physicians of his own choosing, for all taxable costs and interests, including pre-judgment interest, as allowed by law, and for any additional general and equitable relief which the circumstances of this cause may require.

Respectfully submitted,

/s/ *Ian F. Taylor*
PAUL M. STERBCOW (#17817)

        IAN F. TAYLOR (#33408) (T.A.)
        Lewis, Kullman, Sterbcow & Abramson, LLC
        601 Poydras Street, Suite 2615
        New Orleans, Louisiana 70130
        Telephone: (504) 588-1500
        Facsimile: (504) 588-1514
        sterbcow@lksalaw.com
        itaylor@lksalaw.com

        AND

        /s/ *Michael H. Bagot, Jr.*
        MICHAEL H. BAGOT, JR. (#2665)
        WAGNER, BAGOT & RAYER, L.L.P.
        Pan American Life Center – Suite 1660
        601 Poydras Street
        New Orleans, Louisiana 70130
        Telephone: (504) 525-2141
        Facsimile: (504) 523-1587
        E-mail:  mbagot@wb-lalaw.com

**PLEASE SERVE:**

**TRADEWINDS TOWING, LLC**
*Through its registered agent:*
Dominque Smith
8603 Oak St.
New Orleans, LA 70118